**EXHIBIT A**

| | |
|---|---|
| **From:** | Heather Dietrick <hdietrick@gawker.com> |
| **Sent:** | Thursday, November 07, 2013 12:41 PM |
| **To:** | Michael Bono |
| **Cc:** | <bphillips@nautilus-ins.com>; Seth Berlin; LorentzM@chubb.com |
| **Subject:** | Re: Gawker/Bollea (11.7.13) |

Thank you, Mike. I'm glad that we could come to a resolution and look forward to working with Nautilus on this matter.

Regards,
Heather


Heather L. Dietrick
Counsel
Gawker Media
210 Elizabeth Street
New York, New York 10012
(t) 646.747.2265
(f) 917.591.7090


On Thu, Nov 7, 2013 at 12:04 PM, Michael Bono <Mbono@wcmlaw.com> wrote:

Heather,


Confirming our discussion during the conference call earlier this morning and pursuant to your authority to disclose the communication below to Megan and Seth, Nautilus accepts the offer that neither Gawker nor Chubb will seek reimbursement for defense costs paid to date, as set forth in further details in your e-mail below. In return, Nautilus agrees that it will defend this matter as primary carrier from July 1, 2013, forward. The defense will be provided under the terms and conditions of its policy and under the Reservation of Rights as referenced in its previous correspondence of July 18, 2013, and September 2, 2013.


I have also confirmed that Nautilus has received authority to issue prompt payment to defense counsel and shall now do so.


Mike

**From:** Heather Dietrick [mailto:hdietrick@gawker.com]
**Sent:** Monday, November 04, 2013 12:58 PM
**To:** Michael Bono; <bphillips@nautilus-ins.com>
**Subject:** Gawker/Bollea

CONFIDENTIAL SETTLEMENT COMMUNICATION - NOT ADMISSIBLE FOR ANY PURPOSE

Brenda and Mike -

Having reviewed the matter with outside counsel, I write to communicate Gawker's views with respect to Nautilus's defense obligations for this claim.  As you know, an insurer's duty to defend is based on the allegations of the complaint and, as Nautilus has already acknowledged, it has a duty to defend this claim based on those allegations - including without limitation allegations of negligence and allegations of bodily injury.  Given that the policies at issue expressly provide that Nautilus is primary and that Chubb is excess, we must insist that Nautilus assume the duty to defend in full, rather than demanding that Chubb pay half of the defense costs.  While we understand that Chubb has also reached that conclusion, Gawker has an independent interest in ensuring that the policy limits of the Chubb policy are not eroded by contributing to the defense of a claim that Nautilus is otherwise required to defend.  In that regard, Gawker already has been significantly prejudiced in its defense of this matter during the now four months in which Nautilus has refused to meet that obligation, including because it has had to make decisions about the defense strategy without confirmation from Nautilus that it will meet its obligations under the policy.  Accordingly, consistent with applicable law, Gawker expressly reserves the right to hold Nautilus accountable for all consequences of the breach of its duty to defend over the past four months, including without limitation in the event that an award of damages against it and/or the other insureds exceeds the limits of the Nautilus policy.

You have also asked whether Gawker is seeking reimbursement of the first $250,000 of defense costs which Gawker paid under the retention of the Chubb policy, or the amounts Chubb has paid to date (approximately $375,000), which if reimbursed would restore the full limits of the Chubb policy available for indemnification of any adverse judgment.  Gawker believes it is entitled to have Nautilus reimburse both Gawker and Chubb for the respective amounts each of them has paid, including because our defense counsel has both ably and efficiently defended this action since it commenced.  That said, provided that we have Nautilus's full commitment to defend this action from July 1 forward, Gawker is willing, solely as a matter of compromise, to forego seeking reimbursement of the $250,000 retention payments.  In addition, again solely as a matter of compromise and with the caveat that we cannot speak for Chubb, Gawker will not request that Chubb seek reimbursement of the amounts it has paid.  If, however, we do not have Nautilus's full commitment by the end of the day Thursday to assume the full defense of this action from July 1 forward, we will no longer agree to forego seeking reimbursement of those amounts, and will, in addition to contending that Nautilus is required to assume the full defense of this claim, seek reimbursement of those amounts in full, plus interest, any attorneys fees and costs incurred in collecting them - as well as any and all damages associated with resulting prejudice, as described above.

Finally, we must insist that our counsel in this matter be paid for all amounts incurred from July 1 - October 30 by no later than November 15, that all future invoices be paid within 30 days, and that their December 1 invoices be paid by year end (for this year and should the claim continue for any future years).  They have patiently waited for four months with no payment, and the foregoing payment requirements are a material condition of our offer to resolve the issues in dispute on the terms above.

Brenda and Mike - Gawker has been extremely patient for more than four months, but we are now at a decision point.  We believe the above compromise is more than fair under the circumstances, and will save Gawker, Chubb and Nautilus substantial time and expense associated with having a court adjudicate the matter.  Reaching an agreement will also reduce the possibility that Gawker suffers ongoing prejudice that would in turn expose Nautilus to liability for any adverse award, even if it exceeds the policy limits, because it breached its duty to defend.

I will look forward to our call on Thursday, and will expect that we will be in a position to resolve the matter at that time.  In particular, if there are other decision-makers who need to participate, please make sure they are available to do so.  If the issue is not resolved at that time, we will refer the matter to outside coverage counsel for further handling.  In addition, for the avoidance of any doubt please be advised that the compromise proposal set forth above will be deemed to be automatically withdrawn at 5:00 p.m. Eastern on Thursday, November 7. Thank you.

Heather

Heather L. Dietrick
Counsel
Gawker Media

210 Elizabeth Street

New York, New York 10012

(t) 646.747.2265

(f) 917.591.7090

3